UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WHERE TO DINE IN, LLC,

             Plaintiff,

  -v.-

GREAT KOSHER RESTAURANTS MAGAZINE,
LLC, ROSALIE SENDOR, MORRIS SENDOR,
and ELAN KORNBLUM,

             Defendants.
----------------------------------------------------------------X

06 Civ. 13305 (GWG)

OPINION AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Where to Dine In, LLC brought this suit against defendants Great Kosher Restaurants Magazine, LLC; Rosalie Sendor; Morris Sendor; and Elan Kornblum alleging trademark infringement in violation of 15 U.S.C. § 1114, false designation of origin in violation of 15 U.S.C. § 1125(a), trademark infringement under New York common law, trademark dilution under 15 U.S.C. § 1125(c), and trademark dilution under New York common law.[1]

The defendants moved for summary judgment raising a number of theories that the Court found wanting in various respects. Thereafter, the Court gave notice to plaintiff that it was going to consider, inter alia, whether plaintiff could meet its burden of proof on the issue of likelihood of confusion. See Order, filed Jan. 21, 2009 (Docket # 96). The Court later gave notice to plaintiff that it was going to consider whether plaintiff could meet its burden of proof as to the elements of federal and state trademark dilution claims. See Order, filed June 8, 2009 (Docket # 106). The defendant had not moved for summary judgment with respect to any of these matters.

A court may, on an appropriate record, grant summary judgment sua sponte after giving

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

the party against which the court is contemplating such a decision notice and an opportunity to present evidence and arguments in opposition. See NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 178 (2d Cir. 2008); accord Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp., 401 F.3d 28, 33 (2d Cir. 2005); B.F. Goodrich v. Betkoski, 99 F.3d 505, 531 (2d Cir. 1996). When such a procedure is used, a court must "view the record in the light most favorable to the party against which summary judgment is contemplated and . . . resolve all ambiguities and draw all factual inferences in favor of that party." NetJets Aviation, Inc., 537 F.3d at 178. Summary judgment is appropriate if the evidence is such that a reasonable jury could not return a verdict in favor of the party against which summary judgment is contemplated. See generally id. at 178-79 (citing Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)).

Trademark Infringement and False Designation of Origin Claims

Likelihood of confusion is a required element of three of the claims that plaintiff brings: (1) trademark infringement in violation of 15 U.S.C. § 1114, see 15 U.S.C. § 1114(1) (barring use of a mark only where it "is likely to cause confusion, or to cause mistake, or to deceive" as to origin of goods); accord N.Y. Stock Exch., Inc. v. N.Y. Hotel, LLC, 293 F.3d 550, 554 (2d Cir. 2002) (under section 1114, "[t]o support a finding of infringement, a plaintiff must show a probability . . . of confusion"); (2) false designation of origin in violation of 15 U.S.C. § 1125(a), see 15 U.S.C. § 1125(a) (barring use of a mark only where it "is likely to cause confusion, or to cause mistake, or to deceive" as to origin of goods); accord EMI Catalogue P'ship v. Hill, 228 F.3d 56, 62 (2d Cir. 2000) (analyzing "confusion requirement" of section 1125), and (3) trademark infringement under New York common law, see Phillips-Van Heusen Corp. v. Calvin Clothing Co., 444 F. Supp. 2d 250, 256 (S.D.N.Y. 2006) ("touchstone" of infringement

claim under New York State law "is a likelihood of consumer confusion").

To determine whether there is a likelihood of confusion between two or more marks, courts in this Circuit apply the eight factors set forth in Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492, 495 (2d Cir.), cert. denied, 368 U.S. 820 (1961): (i) the strength of the plaintiff's trademark; (ii) the degree of similarity between the parties' marks; (iii) the proximity of the products; (iv) the likelihood that the plaintiff will "bridge the gap" between the products; (v) the existence of actual confusion; (vi) the defendant's good faith; (vii) the quality of the defendant's product; and (viii) the sophistication of the consumers. See, e.g., N.Y. Stock Exch., Inc., 293 F.3d at 555 (citing Polaroid, 287 F.2d at 495). Likelihood of confusion is an issue on which the plaintiff, not the defendant, bears the burden of proof. See, e.g., KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 543 U.S. 111, 117-18 (2004).

Plaintiff has not met its burden of showing likelihood of confusion. In fact, plaintiff's memorandum of law addressing this question marshals no evidence to support its contention that there is a likelihood of confusion. See Plaintiff's Memorandum of Law in Opposition to Defendants' Supplemental Briefing for Defendant's Motion for Summary Judgment, filed Mar. 25, 2009 (Docket # 103), at 10-11. Plaintiff does not even make any legal arguments regarding the applicability of the Polaroid factors or any other case law. Its only argument opposing summary judgment is that the existence of likelihood of confusion is a "question of fact." Id. at 11. This contention is irrelevant as plaintiff's burden was to submit admissible evidence supporting this factual issue. Plaintiff simply does not address whether it has submitted evidence that would allow a reasonable jury to find that there is a likelihood of confusion. Accordingly, summary judgment must be entered dismissing each cause of action that is dependent on a

showing of likelihood of confusion: that is, plaintiff's claims of (1) trademark infringement in violation of 15 U.S.C. § 1114; (2) false designation of origin in violation of 15 U.S.C. § 1125(a); and (3) trademark infringement under New York common law.

Federal and State Dilution Claims

The remaining claims in this case are a claim of federal trademark dilution under 15 U.S.C. § 1125(c), and a claim of trademark dilution under New York common law. On June 8, 2009, the Court issued an order giving notice that it intended to address the question of whether plaintiff can meet its burden of showing each element of these claims. The plaintiff was ordered to make a submission that addresses these two issues by June 17, 2009, and was warned that if it elected not to make a submission, these two claims would be dismissed.

As of this date, plaintiff has made no submission at all. Accordingly, plaintiff has not met its burden of showing that there is evidence in the record sufficient for a reasonable jury to reach a verdict in its favor on these claims.

Conclusion

The defendants' motion for summary judgment (Docket # 43) is granted. All claims in this matter are dismissed with prejudice. The Clerk is requested to enter judgment.

SO ORDERED.

Dated: July 10, 2009
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge